```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JOEL J. RATZKER,                                                 :
                                                                 :
                                   Petitioner,                   :
                                                                 :       22-cv-10913 (LJL)
                -v-                                              :
                                                                 :       MEMORANDUM &
TRANSAMERICA FINANCIAL LIFE INSURANCE                            :       ORDER
COMPANY,                                                         :
                                                                 :
                                   Respondent.                   :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2023

LEWIS J. LIMAN, United States District Judge:

Petitioner Joel J. Ratzker ("Petitioner") filed *pro se* a Petition to Vacate the Arbitration on December 27, 2022. Dkt. No. 1 ("Petition"). The Supreme Court has held that federal jurisdiction to confirm or vacate an arbitral award under the Federal Arbitration Act must exist independent of the underlying controversy and must be discernable on the face of the petition. *See Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022). The Petition suggested that both Petitioner and respondent Transamerica Financial Life Insurance Company ("Respondent") are citizens of New York State, which would preclude diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction is not pleaded.

On January 30, 2023, the Court ordered Petitioner to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 12. Petitioner responded on February 2, 2023, asserting that this Court has subject matter jurisdiction over the action under the federal diversity statute, 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and "Petitioner is of different citizenship than" Respondent. Dkt. No. 17 at 1– 2. In support of this contention, Petitioner stated that he "is and has always been a citizen of New

York" and "Respondent's principal place of business . . . is Iowa." *Id.* at 2–3.

Because Petitioner did not identify the state of incorporation of Respondent, the Court ordered Respondent to inform the Court whether it is a citizen of New York and to indicate its position on whether the Court has subject matter jurisdiction over this action. Dkt. No. 18. On February 13, 2023, Respondent represented to the Court that it is "an insurance company organized under the laws of the State of New York with its principal place of business" in New York. Dkt. No. 19 ¶ 4. "Accordingly, for the purpose of diversity of citizenship, [Respondent] is a citizen of the State of New York and there is no diversity jurisdiction." *Id.* ¶ 5.

Petitioner counters that Respondent's principal place of business is Iowa, as evidenced by the fact that all correspondences with Respondent were to an Iowa address and the fact that "[n]o business related to my annuity was performed in [New York]." Dkt. No. 20 at 2. Petitioner further argues that Respondent is not incorporated in New York and attaches a printout from the New York State Department of State that he claims demonstrates that "it can not [*sic*] be determined if [Respondent was] ever properly registered [in New York] or [was] dissolved by proclamation at some point." *Id.* at 3 & Ex. 4.

District courts have original jurisdiction, *inter alia*, over "citizens of different States" if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is a citizen of each State where it is incorporated and of the state where it has its principal place of business. *Id.* § 1332(c). The burden of proof of establishing that diversity jurisdiction exists is on the party invoking federal jurisdiction. *See Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations or if the court *sua sponte* raises the

2

question." *Id.* (internal citations omitted); *see also South Park Associates, LLC v. Renzulli*, 242 F.3d 368 (2d Cir. 2000). "'Competent proof' means proof of a reasonable probability that diversity jurisdiction is satisfied." *Macklin v. Lexington Ins. Co.*, 2020 WL 5796814, at *2 (S.D.N.Y. Sept. 29, 2020).

Under these principles, the Court lacks subject matter jurisdiction to hear this action. Respondent has asserted that its state of incorporation is New York. In response, Petitioner points to the registration information from the New York State Department of State that he claims demonstrates Respondent is not incorporated in New York. However, the New York Department of State does not appear to be the relevant regulatory agency for determining the state of incorporation of insurance companies. *See* N.Y. Ins. Law § 1201(a)(6) (describing how the "superintendent" must file the charter "in his office"); *id.* § 107(a)(41) (defining "superintendent" as "the superintendent of financial services of this state"); *see also Mt. Sinai Shopping Ctr., Inc. v. Liberty Mut. Ins. Co.*, 2020 WL 3526994, at *3 (E.D.N.Y. June 30, 2020) (noting that insurance companies provided evidence of citizenship through information from the New York Department of Financial Services). Additionally, Petitioner has not provided the Court with evidence that Respondent is incorporated in a state other than New York. Petitioner has failed to offer "competent proof" that Respondent is not a citizen of New York and thus that diversity jurisdiction exists in this action. *See DuBuisson v. Nat'l Union Fire Ins. of Pittsburgh, P.A.*, 2021 WL 3141672, at *1 (S.D.N.Y. July 26, 2021) ("Transamerica Financial Life Insurance Company is a New York corporation.").

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 14, 2023
      New York, New York

                                              LEWIS J. LIMAN
                                     United States District Judge